UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIUDMYLA IEGOROVA,<br><br>                Plaintiff,<br><br>    v.<br><br>VALENTIN SEREDA,<br><br>                Defendant. | No. 2:19-cv-1514-KJM-KJN PS<br><br><u>FINDINGS AND RECOMMENDATIONS DISMISSING CASE FOR LACK OF JURISDICTION, ORDER STAYING CASE</u> |

       Plaintiff Liudmyla Iegorova, proceeding without counsel, commenced this action and requested leave to proceed in forma pauperis. (ECF Nos. 1, 2.)

       A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See <u>United Investors Life Ins. Co. v. Waddell & Reed Inc.</u>, 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not"); accord <u>Rains v. Criterion Sys., Inc.</u>, 80 F.3d 339, 342 (9th Cir. 1996). The court must sua sponte dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

       "Under the substantiality doctrine, the district court lacks subject matter jurisdiction when the question presented is too insubstantial to consider." <u>Cook v. Peter Kiewit Sons Co.</u>, 775 F.2d 1030, 1035 (9th Cir. 1985) (citing <u>Hagans v. Lavine</u>, 415 U.S. 528, 536-39 (1974)). "The claim

must be 'so insubstantial, implausible, foreclosed by prior decisions of this Court or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court, whatever may be the ultimate resolution of the federal issues on the merits.'" Id. (quoting Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 666 (1974)); see also Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) ("a district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.").

Plaintiff's complaint here alleges that defendant Valentin Sereda, an employee with the California Department of Human Services, committed crimes against plaintiff's life, health, and private property under 18 U.S.C. § 241. According to plaintiff, defendant "ignored letters and verbal requests" to file hearing documents from In–Home Support Services administrative hearing between February and July 2017. (ECF No. 1.) Plaintiff demands ninety-nine trillion dollars in damages. (Id.)

As an initial matter, plaintiff, as a private citizen, has no standing to prosecute any alleged crimes. Moreover, even if plaintiff's claims could be construed as civil claims, the court finds that plaintiff's allegations are implausible, frivolous, devoid of merit, and unsubstantial. Therefore, the court concludes that this action should be dismissed for lack of subject matter jurisdiction pursuant to the substantiality doctrine.

Although the court, consistent with the Federal Rules of Civil Procedure and applicable case law, ordinarily liberally grants leave to amend, especially to pro se litigants, the nature of plaintiff's complaint here strongly suggests that granting leave to amend would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996). Moreover, the court notes that plaintiff has already filed numerous frivolous actions in this district, including against former president Obama, Target Corporation, Chase Bank, the Intercontinental Hotel Group, President Trump, the Social Security Administration, the State Department, the Department of Housing and Urban Development, and various apartment complexes. Such prior frivolous actions further counsel against granting leave to amend.

**FINDINGS AND RECOMMENDATIONS**

Accordingly, it is HEREBY RECOMMENDED that:

1. The action be dismissed for lack of subject matter jurisdiction pursuant to the substantiality doctrine; and

2. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

In light of those recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are stayed pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief, the court will not entertain or respond to any motions and other filings until the findings and recommendations are resolved.

IT IS SO ORDERED AND RECOMMENDED.

Dated: October 2, 2019

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE